Case:13-40517-EJC   Doc#:68   Filed:04/11/14   Entered:04/11/1...

**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By cramirez at 1:36 pm, Apr 11, 2014

# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

In the matter of: )
)  Chapter 13 Case
MARIELLA A. BEAVERS )
)  Number <u>13-40517</u>
         *Debtor* )

## OPINION AND ORDER ON MOTION FOR COMPENSATION

Debtor filed her voluntary Chapter 13 petition on March 23, 2013, and her Plan was confirmed on September 5, 2013. Dckt. Nos. 1, 54. On November 8, 2013, Green Tree Servicing, LLC ("Green Tree") filed a Motion for Relief from Automatic Stay due to Debtor being in arrears on postpetition payments. Dckt. No. 55. Debtor ultimately settled the issue with Green Tree by making a lump sum payment for the arrearage. Dckt. No. 59.

Debtor's attorney, Jane Srivastava ("Srivastava"), filed this Motion for Compensation for services rendered related to the Motion for Relief, and a hearing was held on February 19, 2014. Dckt. Nos. 62, 66. At the hearing Srivastava petitioned the Court for fees accounting for five hours of work on the Motion for Relief at $175 per hour for a total of $875. Dckt. No. 66. The Court left the record open and directed her to file a supplemental statement of services for the main case so that the Court could consider the entirety of representation when ruling on the fee application. *Id*. Srivastava filed a comprehensive Statement of Services and Fees on February 21, 2014, detailing a total of thirty-six (36) hours

and five (5) minutes spent on the main bankruptcy case. Dckt. No. 67. The Disclosure of Compensation of Attorney for Debtor filed pursuant to 11 U.S.C. § 329(a) and Fed.R.Bankr.P. 2016(b) indicates that Srivastava received $1500 prior to filing and will receive an additional $1000 through Debtor's Plan for a total of $2500. Dckt. No. 1.

General Order Number 2010-3, United States Bankruptcy Court for the Southern District of Georgia, states in relevant part:

> Effective in all Chapter 13 cases filed on or after January 1, 2011, a claim for attorney's fees for services rendered and expenses advanced to a Chapter 13 debtor will be deemed automatically approved by the Court, in the absence of an objection, so long as said claim does not exceed the sum of three thousand dollars ($3,000.00). . . .
>
> . . . .
>
> In the event a debtor's attorney subsequently determines that an award of $3,000.00 does not adequately compensate the attorney for legal services rendered, the attorney may petition for reasonable attorney's fees disclosing all time expended in such representation from the beginning of the case under the standards set forth in 11 U.S.C. § 330 and _Norman v. Housing Authority of the City of Montgomery_, 836 F.2d 1292 (11th Cir. 1988).

Srivastava agreed to accept $2500 for legal services in the main case. She indicated at the hearing that her retainer agreement with Debtor did not include work such as that performed in settling the Motion for Relief. While attorney/client agreements are not binding on the

Court when determining appropriate fees, presumptively she is entitled to an additional $500 in the absence of objection pursuant to the General Order. Moreover, "[a]n attorney is not necessarily limited to the fees in the General Order as to all post-confirmation services, regardless of the difficulty of the case. Once an attorney accepts the fees provided by the General Order, the issue of whether legal services are compensable in addition to the amount provided by the General Order is one addressed on a case by case basis." In re Allen, 1995 WL 548855, at *2 (Bankr. S.D. Ga. Sept. 12, 1995)(Walker, J.).

The supplemental Statement of Services and Fees for the main bankruptcy case filed by Srivastava is sufficiently detailed, shows no sign of duplicate entries, and accounts for her time through the confirmation phase of the case. For that time of 36.083 hours, Srivastava will receive a total of $2500, yielding an hourly rate of approximately $69 per hour. Based on these numbers it is certainly reasonable for the Court to find that "the additional services in this case are beyond the scope of the initial fee award." Allen, 1995 WL 548855, at *4.

The Attachment to Srivastava's Motion for Compensation is also sufficiently detailed and shows that she spent an additional five (5) hours settling the Motion for Relief from Automatic Stay with Green Tree. There do not appear to be any duplicate entries or separate charges for travel time, and I find the documented time spent on each activity and hourly rate to be reasonable. Moreover, no one objected to the Motion.

Therefore, pursuant to the foregoing, it is the ORDER of this Court that Srivastava's Motion for Compensation requesting an additional $375 above the presumptive fee allowable under our General Order, or $875, is approved.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 9th day of April, 2014.